# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| **Jonathan Shin, on behalf of himself and others similarly situated**<br><br>**Plaintiff,**<br><br>v.<br><br>**Kobe Enterprises, Inc. d/b/a Kobe Japanese Steak & Sushi, and Jong Sun**<br><br>**Defendants.** | **CIVIL ACTION NO.** 3:18cv199 |

## COMPLAINT

Plaintiff Jonathan Shin respectfully moves for judgment against Kobe Enterprises, Inc. d/b/a Kobe Japanese Steak & Sushi and Jong Sun, on behalf of himself and all others similarly situated:

### Introduction

1. This is an action for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff seeks unpaid minimum wages, unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violations on behalf of himself and others similarly situated.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the

Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Shin is a resident of Virginia who was employed by Defendants as a server, host, food runner, and cook at the Kobe Japanese Steak and Sushi Restaurant in Richmond, Virginia. Plaintiff was an "employee" as defined in the FLSA.

6. Kobe Enterprises, Inc. is a Virginia corporation that operates a restaurant in Richmond, Virginia. Kobe meets the definition of "employer" as defined in the FLSA.

7. Upon information and belief, Sun is the owner, operator, and manager of Kobe. Sun had ultimate authority over corporate operations at Kobe, had the authority to hire and fire, determined employee's work schedules, and had authority over payroll. Sun meets the definition of "employer" as defined in the FLSA.

8. Upon information and belief, Defendants are joint employers and are jointly and severally liable for the acts complained of herein.

## Factual Allegations

9. Shin was hired by Sun in or around September 2016.

10. Shin worked primarily as a server and food runner until around January 2017, when he also began working as a cook.

11. Defendants paid Shin less than minimum wage for working as a server.

12. Upon information and belief, Defendants paid Shin and similarly situated tipped employees between $2.59 and $3.00 per hour plus tips.

13. Defendants paid Shin and similarly situated tipped employees less than minimum wage by applying a "tip credit" and allowing customers' tips to make up the difference between the employee's assigned hourly wage and the FLSA required minimum wage.

14. Defendants required Shin and similarly situated tipped employees to participate in a mandatory "tip pool."

15. At the end of each shift, the manager would add together all tips from tipped employees to be divided among those in the tip pool.

16. Upon information and belief, each employee's percentage of the tip pool was calculated at the discretion of the manager.

17. This tip pool impermissibly included the owners, managers, and "back of the house" cooks, who received a "tip out" of the pool.

18. Because Defendants impermissibly retained portions of employees' tips, and shared tips with non-tipped employees, Defendants were not entitled to apply the FLSA's tip credit allowance.

19. As a result of Defendants' policy and practice of maintaining a mandatory, but invalid tip pool, Defendants violated the rights of Shin and similarly situated tipped employees by failing to pay the mandated minimum wage of $7.25 an hour.

20. In addition to maintaining a policy and practice of unlawfully denying employees minimum wage, Defendants unlawfully denied Shin and similarly situated employees overtime in weeks where they worked more than 40 hours.

21. Shin was not paid at a time and a half rate for hours worked over 40 per week.

22. There were some overtime hours for which Shin was not paid at all.

23. When Shin started working as a cook, he regularly worked more than 40 hours per week.

24. Though Shin does not have paystubs for the entirety of his employment, his paystubs for the weeks of 2/16/2017, 2/23/2017, 3/1/2017, 3/8/2017, 3/16/2017, 3/23/2017, 4/1/2017, and 4/8/2017 show that he worked more than 40 hours per week without being paid overtime at a time and a half rate.

25. These paystubs are representative of the number of hours he worked as a cook.

26. Defendants had several pay practices that deprived Shin and similarly situated employees of statutorily required overtime pay.

27. First, as is reflected in Shin's partial record of paystubs, Defendants only paid overtime hours at a "straight rate" rather than at time and a half as is required under the FLSA.

28. Second, Shin and similarly situated employees were required to work off the clock.

29. Shin worked off the clock on many occasions with Defendants' full knowledge.

30. The restaurant closed for several hours between the lunch and dinner shifts. However, Shin was told to continue working after clocking out to continue cleaning and prepping for dinner.

31. Shin asked why he had to clock out but continue working. He was told that it was Defendants' policy that they did not pay overtime.

32. Pursuant to the FLSA, Defendants were obligated to pay Plaintiff at least

minimum wage for all hours worked and overtime at a time and a half rate for all hours worked over 40 per week. Defendants failed to do so.

33. On information and belief, Defendants did not keep time records of all hours worked by Shin.

34. Defendants had an obligation under the FLSA to maintain accurate time records of Plaintiff's hours worked. Defendants failed to do so.

35. Defendants willfully violated the FLSA by knowingly failing to pay minimum wage and overtime.

36. At all relevant times Defendants intended to deprive Plaintiff, and those similarly situated, of the minimum wage and overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

### Representative Action Allegations for FLSA Claims

37. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff.

38. Defendants have a pay policy and practice of requiring tipped employees to participate in a mandatory tip pool.

39. However, because the tip pool was invalid, Defendants were not entitled to apply a tip credit towards tipped employees' minimum wages.

40. Upon information and belief, Defendants employ, and have employed, multiple persons who were paid under a similar pay scheme which deprived tipped employees of minimum wages.

41. Defendants have a pay policy and practice of paying overtime at a straight rate,

rather than at a time and a half rate as required by the FLSA.

42. Upon information and belief, Defendants employ, and have employed, multiple persons who were paid under a similar pay scheme which deprived employees of an overtime "premium" when they worked more than 40 hours per week.

43. Defendants have a pay policy and practice of requiring employees to clock out and continue working between the lunch and dinner shifts.

44. Upon information and belief, Defendants employ, and have employed, multiple persons who were paid under a similar pay scheme which deprived employees of overtime pay when their off the clock work pushed their weekly hours over 40.

45. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of minimum wage and overtime compensation that they have not received.

46. Upon information and belief, Defendants compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

47. On information and belief, Defendants' pay operations are centrally managed as a single enterprise, and all or most of Defendants' employees who are paid similarly to Plaintiff are subject to common time-keeping and payroll practices.

48. Shin has had conversations with co-workers in which they told him that they were similarly denied minimum wages and overtime pay.

49. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendants who were paid under a pay scheme similar to

Plaintiff, and have been employed within three (3) years of the date of filing of this action.

50. Defendants' policy of refusing to pay employees minimum wage and overtime amounted to a willful or reckless disregard of its employees' rights under the FLSA.

51. Defendants had no good faith basis to believe that salaried non-exempt employees were not entitled to overtime under the FLSA.

52. Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

53. Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

54. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

**FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

    A. money damages for all unpaid minimum wages;

    B. money damages for all unpaid overtime compensation;

    C. liquidated damages in an amount equal to all unpaid minimum wages and overtime owed to Plaintiff;

    D. pre-judgment and post-judgment interest;

    E. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a

written consent to join in this action without threat or fear of reprisal;

F.  reasonable attorneys' fees and costs expended in the prosecution of this case;

G.  any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.


Respectfully submitted,

**Jonathan Shin**
Plaintiff


By:_____/s/_____
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com